### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **MONICA LORRAINE AMAKER,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| **v.** | )      **CIVIL ACTION NO. 1:16-05512** |
| | )      **(Criminal No. 2:05-00149)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a "Request for Permission to File a Successive § 2255 Pursuant to <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and <u>Welch v. United States</u>, No. 15-6418, S.Ct. April 18, 2016."[1] (Document No. 254.) By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 255.)

### FACTUAL AND PROCEDURAL BACKGROUND

**A      Criminal Action No. 2:05-00149:**

By a six-count Superseding Indictment filed on September 28, 2005, Movant was charged with one count of Possession with Intent to Distribute 50 grams or more of Cocaine Base, also known as "Crack," in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of Possession with Intent to Distribute a Quantity of Cocaine, also known as "Coke," in violation of 21 U.S.C. § 841(a)(1) (Count Two); one count of Possession with Intent to Distribute a Quantity

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of Morphine in violation of 21 U.S.C. § 841(a)(1) (Count Three); one count of Possession with Intent to Distribute for Remuneration a Quantity of Marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Four); one count of Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five); and one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six). (Criminal Action No. 2:05-00149, Document No. 21-1.) Following a jury trial, Movant was convicted on December 2, 2005, of all six counts as contained in the Superseding Indictment. (Id., Document No. 52.) On December 15, 2005, Movant filed a "Motion for New Trial and/or Judgment of Acquittal Notwithstanding the Judgment." (Id., Document No. 63.) A Presentence Investigation Report was prepared. (Id., Document No. 69.) The District Court determined that Movant had a Combine Adjusted Offense Level of 32, and a Combined Total Offense Level of 32, the Court having applied no enhancements or reductions under the U.S.S.G. (Id., pp. 12 - 14.) The District Court sentenced Movant on February 28, 2006, to serve a total term of 300 months imprisonment "consisting of 240 months on Counts One, Two, and Three, and 120 months on Counts Four and Six, and 60 months on Count Five. The sentences on Counts One, Two, Three, Four, and Six [were] to run concurrently while the sentence on Count Five [was] to run consecutively to the sentence imposed in Counts One, Two, Three, Four, and Six. The sentence [was] also to run consecutive to the undischarged term of incarceration in case no. 1:03cr155-002." (Id., Document Nos. 65 and 67.) The District Court further imposed a total term of ten years supervised release and a $600 special assessment. (Id.) By Memorandum Opinion and Order entered on March 15, 2006, the District Court denied Movant's "Motion for New Trial and/or Judgment of Acquittal Notwithstanding the Judgment." (Id., Document No. 66.)

On March 21, 2006, Movant filed a Notice of Appeal. (Id., Document No. 70.) In her appeal, Movant argued that the District Court erred in denying her motion to suppress the drugs and firearm seized when police officers conducted an investigatory stop. On April 30, 2007, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. United States v. Amaker, 223 Fed.Appx. 238 (4th Cir. 2007).

**B.      Section 3582 Motions:**

By Memorandum Opinion and Order entered on March 16, 2009, the District Court designated Movant for standard consideration to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the November 1, 2007, amendment to the United States Sentencing Guidelines. (Criminal Action No. 2:05-00149, Document No. 89.) On May 20, 2009, Movant, by counsel, filed her memorandum conceding that Movant was not eligible for a reduction of her sentence. (Id., Document No. 92.) On May 22, 2009, the United States filed its memorandum also arguing that Movant was not eligible for a sentence reduction. (Id., Document No. 93-1.) By Memorandum Opinion and Order entered on May 26, 2009, the District Court denied Movant a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). (Id., Document No. 94.)

On November 2, 2011, Movant, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that she was entitled to a sentence reduction based upon the Fair Sentencing Act of 2010. (Id., Document No. 99.) On December 5, 2011, Movant, by counsel, filed her memorandum conceding that Movant was not eligible for a reduction of her sentence. (Id., Document No. 101.) On December 8, 2011, the United States filed its memorandum also arguing that Movant was not eligible for a sentence reduction. (Id.,

Document No. 102.) By Order entered on March 6, 2012, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 103.)

**C.      Section 2255 Motion:**

On June 17, 2016, Movant, acting *pro se*, filed a "Request for Permission to File a Successive § 2255 Pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, No. 15-6418, S.Ct. April 18, 2016." (Civil Action No. 1:16-05512, Document No. 254.) Citing Johnson and Welch, Movant challenges the validity of her conviction for Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). (Id., pp. 1 - 2.) Accordingly, Movant contends that she is entitled to *habeas* relief under Section 2255. (Id.)

**D.      Grant of Clemency:**

By "Executive Grant of Clemency" signed on November 4, 2016, United States President Barack Obama granted Movant's application for executive clemency and commuted her total sentence of imprisonment to expire on March 4, 2017, but "leaving intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components."[2] (Criminal Action No. 2:05-00149, Document No. 111.)

## ANALYSIS

**1.      Request to File Successive Section 2255 Motion.**

As stated above, Movant initiated this action by filing a "Request for Permission to File a

---

[2]  Although Movant's term of imprisonment will expire on March 4, 2017, her Section 2255 Motion will not be rendered moot by her release from prison as she will be placed on supervised release. **Error! Main Document Only.**"A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion will continue to be viable therefore while she is on supervised release. *Smith v. United States*, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin).

Successive § 2255 Pursuant to <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and <u>Welch v. United States</u>, No. 15-6418, S.Ct. April 18, 2016." (Civil Action No. 1:16-05512, Document No. 254.) In her Request, Movant is clearly challenging the validity of her conviction for Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). (<u>Id.</u>, p. 1.) A thorough review of the record reveals that Movant has filed no prior Section 2255 Motion challenge her convictions or sentences as imposed in Criminal Action No. 2:05-00149. Thus, it is unnecessary for the undersigned to address Movant's request to file a successive Section 2255 Motion. Accordingly, the undersigned will consider Movant's Section 2255 Motion.

**2.      Timeliness.**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (2)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (3)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

5

The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). The Fourth Circuit affirmed Movant's conviction and sentence on April 30, 2007, and her sentence became final 90 days later when she did not file a petition for writ of certiorari (July 30, 2007). On June 17, 2016, nearly seven years and eleven months after the one year period expired, Movant filed the instant Motion raising issues challenging her conviction and sentence in Criminal Action No. 2:05-00149. (Civil Action No. 1:16-05512, Document No. 254.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.

In the instant case, Movant argues that Section 2255(f)(3) applies because the United States Supreme Court recognized a new right in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). (Id.) When a movant wishes to make a claim based on a decision by the United States Supreme Court after her conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Specifically, to obtain the benefit of the limitations period stated in Section 2255(f)(3), a movant must establish the following: "(1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review;' and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012).

In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due

process." <u>Johnson</u>, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." <u>Id.</u> On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1). Section 924(c)(1) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. The "residual clause" of Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and . . . (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924(c)(3)(B)(emphasis added). In contrast, the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the similarity of the definitions of "crime of violence" in Section 924(c)(3)(B) and the ACCA's

7

"residual clause," Movant appears to argue that Section 924(c)(1) is unconstitutionally vague. Thus, Movant contends that Johnson announced a new rule of criminal law concerning Section 924(c)'s definition of "crime of violence" that applies retroactively to cases on collateral review. The undersigned, however, finds it unnecessary to address the foregoing. Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1)'s provision pertaining to the use of and carrying a firearm during and in relation to *drug trafficking crime*. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016)(declining to address the merits of defendant's *Johnson* claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). Neither Movant's conviction nor sentence rests upon Section 924(c)'s definition of a "crime of violence." Thus, Johnson is inapplicable to the circumstances of Movant's case. The undersigned, therefore, finds that Section 2255(f)(3) is inapplicable as Movant has not established a right newly recognized by the Supreme Court that is retroactively applicable on collateral review. Based on the foregoing, the undersigned finds that Movant's Section 2255 Motion is clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his

claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond her control or government misconduct contributed to her inability to file her Section 2255 motion on time. Movant, however, fails to indicate any factor beyond her control that prevented her from

9

presenting her claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Furthermore, Movant is not entitled to equitable tolling based upon her claim that only unfavorable precedent existed prior to Johnson. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. Dec. 19, 2014)("The standard announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all."). Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that her Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Request for Permission to File a Successive § 2255 Pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, No. 15-6418, S.Ct. April 18, 2016" (Civil Action No. 1:16-05512, Document No. 254 and Criminal Action No. 2:05-00149, Document No. 107), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 15, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

11