IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MONICA LORRAINE AMAKER,

    Movant,

v.                            CIVIL ACTION NO. 1:16-05512
                               (CRIMINAL ACTION NO. 2:05-00149)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 255.)

Magistrate Judge Aboulhosn submitted to the court his PF&R on February 15, 2017, in which he recommended that the court deny Movant's "Request for Permission to File a Successive § 2255 Pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, No. 15-6418, S. Ct. April 18, 2016" (Civil Action No. 1:16-05512, Doc. No. 254 and Criminal Action No. 2:05-00149, Doc. No. 107); and remove this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this PF&R that the Motion was filed within the proper time period or circumstances

exist which would permit equitable tolling of the limitation period.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to the Magistrate Judge's PF&R.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Neither party filed any objections to the Magistrate Judge's PF&R within the required time period.

Accordingly, the court adopts Magistrate Judge Aboulhosn's PF&R as follows:

1) Movant's "Request for Permission to File a Successive § 2255 Pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, No. 15-6418, S. Ct. April 18, 2016" (Civil Action No. 1:16-05512, Doc. No. 254 and Criminal Action No. 2:05-00149, Doc. No. 107) is **DENIED**; and

2) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial

2

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Movant.

It is **SO ORDERED** this 20th day of March, 2017.

                                                ENTER:

                                                David A. Faber
                                                Senior United States District Judge